IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| JOAN AARESTAD,<br><br>Plaintiff,<br><br>vs.<br><br>MINERAL COUNTRY, a political subdivision of the State of Montana,<br><br>Defendant. | CV 16–51–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations in this case on April 6, 2018, recommending that Defendant Mineral County's Motion for Summary Judgment be granted and Plaintiff Joan Aarestad's ("Aarestad") claim for attorney's fees be denied. Aarestad timely filed objections to the findings and recommendations. Consequently, Aarestad is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been

-1-

committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

This case is about the ownership of a road strip, which is a separate tract of land not included in Lots 1 or 2 of the plat of *Two River's Acreage being a sub-division in Gov't Lots 8, 9 12 Sec. 19, T18N, R27W, P.M.M, Mineral County Montana* (hereafter "Two Rivers Road"). The remaining claims in the Third Amended Complaint (Doc. 86) against Mineral County are: Claim 1, Quiet Title Against Mineral County; Claim 2, Quiet Title Against Mineral County; and Claim 7, Declaration of Portion of Two Rivers Road North Running over Lots 1 and 2 as Private.

Mineral County moved for summary judgment on all counts. (Doc. 105.) In November 2017, Aarestad petitioned Mineral County to abandon the subject road and to vacate its public use. (Doc. 106-3.) Mineral County granted Aarestad's petition by county resolution entered January 12, 2018. (*Id.*) Thus, Mineral County argues all of Aarestad's claims are subject to dismissal as moot. Aarestad opposes the Motion and argues that summary judgment should be denied.

Judge Lynch found that because Mineral County's Resolution granting Aarestad's petition will abandon and vacate the public use of the subject road, and transfer title to Two Rivers Road to Aarestad, there is no further live case or

-2-

controversy and all claims related to Mineral County are moot. *Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1155 (9th Cir. 2017) (citation omitted). Judge Lynch further found that, despite the mootness, Aarestad's argument related to there still being a live controversy due to the uncertainty of Mineral County's legal authority over the road is without merit. Judge Lynch recommends that the Court take judicial notice that Mineral County never held, and does not presently hold, fee title to the subject road. (Doc. 109 at 6–7 (citing Doc. 106 at 8, 12 and 17, Doc. 108 at 2).) The Court has discretion to treat a party's statements made in a brief as judicial admissions binding upon the party. *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003); *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226–27 (9th Cir. 1988). Finally, Judge Lynch recommends that Aarestad's claims for an award of her attorney's fees should be denied for lack of jurisdiction because there no longer exists an actual case or controversy relative to the claims asserted in the Third Amended Complaint.

Aarestad objects to three findings: (1) Mineral County has no fee interest in Two Rivers Road (Doc 106 at 8, 12, and 17); (2) Two Rivers Road is not a County Road (Doc. 106-3); and (3) Mineral County's resolution transferred title to Plaintiff. (Doc. 109 at 1–4). Aarestad further objects to two recommendations: (1) Mineral County's motion for summary judgment be granted and Aarestad's

claims in counts 1, 2, and 7 against Mineral County should be dismissed as moot; (2) Aarestad's claim for her attorney's fees should be denied for lack of jurisdiction.

The Court adopts Judge Lynch's Findings in full. Aarestad has offered no evidence to dispute the facts alleged and judicially noticed by Judge Lynch pursuant to Local Rule 72.3. The only evidence offered is legal authority to support her claim that Mineral County owns fee simple title to Two Rivers Road and that it is a county road. For support, she relies on *Mineral Cty. v. Hyde*, 111 P.2d 284, 285 (Mont. 1941), and Mont. Code Ann § 60–1–201. However, *Hyde* does not support her position because it involves the intent behind the dedication for public use, which is not at issue here. Further, Mont. Code Ann § 60–1–201(2) merely sets forth the classification of highways and roads. Subsection (3) states that "county roads are those that are opened, established, constructed, maintained, changed, abandoned, or discontinued by a county. . . ." Aarestad has offered no evidence in her objection to suggest that Mineral County indeed managed and maintained the road at issue, nor any evidence that would contradict the admissions of Mineral County that they do not own the road. Finally, the Court has read the Resolution (Doc. 106-3) and it is clear that the transfer of the road "shall become effective when [Aarestad] submits a survey or amended plat

adequate for recording together with all the fees and cost, to the Mineral County Planning Office for review by the Mineral County Surveyor and then to the Mineral County Clerk and Recorder." (Doc. 106-3 at 3–4.) Aarestad has not provided the Court with any indication that she has taken the necessary steps to acquire ownership of Two Rivers Road. Thus, transfer has occurred and it is now Aarestad's burden to fulfil the final obligations of the Resolution.

The Court also adopts Judge Lynch's Recommendations. Aarestad claims that because the transfer of ownership of Two Rivers Road has yet to be completed pursuant to the Resolution, that a live controversy still exists. Aarestad seems to be particularly cautious that Mineral County may back out of its Resolution. (Doc. 111 at 5.) Yet again, the plain reading of the last paragraph of the Resolution indicates that it is Aarestad's burden to ensure the Resolution is effective, and she has not offered any evidence that she has assumed that responsibility or that Mineral County is acting contrary to the terms of the Resolution.

Aarestad also relies on *Bishop*, arguing that since she is not giving up her right to question Mineral County's ownership of Two Rivers Road, a live controversy still exists, (Doc. 111 at 7–8 (citing *Bishop*, 863 F.3d at 1155)), and contends that the Court should revise its previous ruling that denied Plaintiff's

-5-

Motion for Partial Summary Judgment (Doc. 110.) Aarestad continues to fail to acknowledge the Resolution. Mineral County transferred the portions of Two Rivers Road North that bisect Lots 1 and 2, to the ownerships of Lots 1 and 2. Thus, Aarestad is now the rightful owner of Two Rivers Road and it is no longer dedicated to public use. The Resolution resolves all issues related to Mineral County's ownership in the road strip at issue here. The Court agrees with Judge Lynch that no case or controversy exists, and that the Court now lacks jurisdiction for the claim for attorney's fees.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 109) are ADOPTED IN FULL. Defendant Mineral County's Motion for Summary Judgment (Doc. 105) is GRANTED.

IT IS FURTHER ORDERED that no claims remain and this case is CLOSED. All further deadlines and the trial date set for July 30, 2018 are VACATED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Vacate Pretrial Conference and Trial Date (Doc. 113) is DENIED as moot pursuant to this Order.

DATED this 11th day of July, 2018.

-6- Dana L. Christensen, Chief District Judge
United States District Court